IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| The State of Texas,<br><br>              Plaintiff,<br><br>v.<br><br>Johnson & Johnson et al.,<br><br>              Defendants. | Case No. 6:25-cv-00442<br><br>Hon. |

**SWORN EMERGENCY MOTION FOR EXPEDITED BRIEFING**

The State of Texas moves for expedited briefing on its Emergency Motion to Remand (Dkt. No. 3) and in support thereof avers as follows:

1. On October 27, 2025, the State instituted this action by filing a Petition in the 123rd District Court in Panola County, Texas.

2. On October 29, 2025, Defendant Kenvue Inc. announced plans to issue a $400 dividend on November 26.  That dividend vests with shareholders as of 3:00 p.m. CT on November 12, 2025.

3. On November 5, 2025, the State of Texas moved for a temporary restraining order and temporary injunction.  The motion sought to enjoin the dividend and prevent Kenvue Defendants from violating the Deceptive Trade Practices Act.

4. Going far beyond what is required by the rules, the State served Defendants with a copy of the motion on November 6.  After the motion was served, the State sought a hearing before the dividend vests on November 12 at 3 p.m. CT.

5. The hearing was scheduled for 9:00 a.m. CT on November 7, 2025. Again, going beyond what is required by Texas rules, the State informed defense counsel of the hearing.

6. The State's counsel then began traveling to Carthage for the hearing. While in the plane late in the evening of November 6, 2025, the State received Defendants' notice of removal to this Court.

7. A mere 16 hours later, the State filed an emergency motion to remand.

8. As detailed in the emergency motion to remand, Defendants' removal arguments are frivolous and this Court lacks jurisdiction to hear the State's case generally. But more urgently, it therefore lacks jurisdiction to grant the temporary restraining order that the State is seeking.

9. It is imperative for the health and safety of women and children across Texas that the motion for a temporary restraining order be ruled on forthwith.

10. To avoid the very irreparable harm prevented by the Texas Uniform Fraudulent Transfer Act, it is similarly imperative for Texas, as a creditor of Kenvue, to obtain a ruling to enjoin the unlawful dividend before 3:00 p.m. CT on November 12.

11. Investors similarly want such certainty before November 12 at 3:00 p.m. CT.

12. The only way to have a ruling on the motion for a temporary restraining order before the dividend vests is if this Court remands the case to state court before 3:00 p.m. CT on November 10, 2025.

13. Defendants created this time crunch by waiting until hours before the temporary restraining order hearing to frivolously remove this case to federal court.

14. Defendants should not be rewarded for their frivolous filing and jurisdictional gamesmanship, which they previewed to the press. *See* Dkt. No. 3-1.

15. The State therefore requests that this Court set the following briefing schedule:

    a. Defendants' opposition to the motion to remand be due by 12:00 p.m. CT on November 8, 2025.

    b. Plaintiffs' reply to Defendants' opposition is due by 10 a.m. on November 9, 2025.

    c. If the Court wishes to hear argument on the motion, that argument be held on the afternoon of November 9, 2025 or the morning of November 10, 2025. Alternatively, that the Court rule on the papers.

16. The State understands the extraordinary nature of requesting this extremely expedited schedule, but it is the only path that will allow a court vested with jurisdiction to hear the State's underlying motion for emergency relief. *Cf. A. A. R. P. v. Trump*, 605 U.S. 91, 94, (2025) (criticizing district court for waiting over 14 hours to rule on an emergency motion as that delay was a denial in all but name).

The State therefore requests that the Court enter the attached proposed order setting an expedited briefing schedule for the Emergency Motion to Remand.

Dated: November 7, 2025.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

Respectfully submitted,

**JOHNATHAN STONE**
Chief, Consumer Protection Division
Texas State Bar No. 24071779

**JERRY BERGMAN**
Deputy Chief, Consumer Protection Division
Texas State Bar No. 24081694

**KELLY OWENS**
Assistant Attorney General
Texas State Bar No. 24118105

Consumer Protection Division
Office of the Texas Attorney General
P.O. Box 12548
Austin, Texas 78711
Telephone: (512) 463-2185
Fax: (512) 473-8301
Johnathan.Stone@oag.texas.gov
Jerry.Bergman@oag.texas.gov
Kelley.Owens@oag.texas.gov

Ashley C. Keller (application forthcoming)
Keller Postman LLC
150 N. Riverside Plaza
Suite 4100
Chicago, IL 60606
Telephone: (312) 741-5220
ack@kellerpostman.com

*/s/ Lauren E. Schultz*
Lauren E. Schultz (TX Bar No. 24071496)
Keller Postman LLC
111 Congress Avenue, Suite 500
Austin, TX 78701
Telephone: (312) 896-4516
lauren.schultz@kellerpostman.com

John J. Snidow (application forthcoming)
John M. Masslon II (application forthcoming)
Roseann R. Romano (application forthcoming)
Keller Postman LLC
1101 Connecticut Ave. NW
Suite 1100
Washington, DC 20036
Telephone: (202) 918-1123
jj.snidow@kellerpostman.com
john.masslon@kellerpostman.com
roseann.romano@kellerpostman.com

**Counsel for the State of Texas**

## CERTIFICATE OF SERVICE

      I hereby certify that on November 7, 2025, the foregoing document was served on all counsel of record via CM/ECF.

                                                        */s/ Lauren E. Schultz*
                                                         Lauren E. Schultz